

WWW.MENDES.COM

Barbara Demosthene
Associate
(212) 261-8331
Barbara.Demostene@mendes.com

November 20, 2014

**VIA FEDERAL EXPRESS**

Nanette L. Wesley
Wesley Holladay, LLC
2974 Lookout Place NE
Atlanta, Georgia 30305

    Re:    Claimants :   Justin C. Nelson
              Docket No.:  24142-1
              **Our File  :   719,424**

Dear Mr. Wesley:

    On November 17, 2014, we received a Summons and Complaint on behalf of Certain Underwriters at Lloyd's in regard to the above referenced matter.

                                          Very truly yours,

                                          MENDES & MOUNT, LLP

                                          Barbara Demosthene

Enclosure

MENDES & MOUNT, LLP   750 SEVENTH AVENUE   NEW YORK, NY 10019   P 212 261.8000   F 212 261.6750



# GILBERT | RUSSELL | McWHERTER
## SCOTT | BOBBITT PLC

*719424*

RECEIVED
NOV 17 2014
M... ... LLP
Answered____ FILE

November 11, 2014

Underwriters at Lloyd's, London
c/o Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019-6829

*Via Certified Mail/Return Receipt*

Re:  Justin Nelson v Underwriters at Lloyd's, London
     Our File No. 2726-1

To Whom It May Concern:

Enclosed, please find a Summons that was issued by the Circuit Court of Jefferson County, Tennessee, along with a copy of the Complaint that has been filed with regard to the above referenced matter.

Should you have any questions or concerns, please do not hesitate to contact me.

Yours very truly,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

J. Brandon McWherter

JBM:lb
Enclosures

CHATTANOOGA OFFICE 100 W. Martin Luther King Blvd. Suite 504  Chattanooga, TN 37402 | 423.469.3044 (T)
MEMPHIS OFFICE 6060 Poplar Ave. Suite 250 | Memphis, TN 38119 | 901.760.1868 (T)
JACKSON OFFICE 101 N. Highland Ave  Jackson, TN 38301 | 731.664.1340 (T)
www.gilbertfirm.com

| Jefferson County Circuit Court | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number 24142-TI |
|---|---|---|

**JUSTIN C. NELSON** Vs. **UNDERWRITERS AT LLOYD'S, LONDON**

Served On:

Underwriters at Lloyd's, London    c/o Mendes & Mount, LLP
750 Seventh Avenue
New York, New York 10019-6829

You are hereby summoned to defend a civil action filed against you in Circuit Court, Jefferson County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: November 6, 2014

Clerk / Deputy Clerk

Attorney for Plaintiff: J. Brandon McWherter, (615) 354-1144
341 Cool Springs Blvd., Suite 230, Franklin TN 37067

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA §26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to                                        Clerk,                        County

### CERTIFICATION (IF APPLICABLE)

I, _____, Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
                                                         Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____                                By: _____
                                                              Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____ On _____ I received the return receipt, which had been signed by _____ on _____ The return receipt is attached to this original summons to be filed by the Court Clerk.

Date _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____)

_____
Signature of Plaintiff                          Plaintiff's Attorney (or Person Authorized to Serve Process)
                                                (Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____ ADA Coordinator at _____

Rev. 03/11

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, TENNESSEE

JUSTIN C. NELSON,

    Plaintiff,

v.

UNDERWRITERS AT LLOYD'S, LONDON

    Defendant.

Cause No. _____

JURY DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, Justin C. Nelson, by and through counsel, and submits the following for his Complaint against Underwriters at Lloyd's, London:

### PARTIES AND JURISDICTION

1. Justin C. Nelson (hereafter "Plaintiff") is a resident of Jefferson County, Tennessee. At all times relevant hereto, Plaintiff was the owner of the real estate, dwelling, other structures, and personal property located at 1321 West Old A J Highway, New Market, Jefferson County, Tennessee (the "Insured Premises").

2. Defendant, Underwriters at Lloyd's, London (hereafter "Underwriters") is an insurance company engaged in the insurance business in the State of Tennessee, including Jefferson County. Underwriters is not admitted as an insurance company authorized to issue insurance policies in the State of Tennessee except as it may have been allowed to issue policies pursuant to the Surplus Lines Act. Upon information and belief, Underwriters is a foreign company situated in the United Kingdom. Pursuant to the insurance policy at issue, Underwriters has agreed to submit to the jurisdiction of this Court, and has further agreed that



service of process may be made on it by service on Mendes & Mount, LLP, 750 Seventh Ave., New York, New York 10019-6829. The insurance policy at issue does not delineate any specific companies or syndicates who served as underwriters for the subject policy, but rather only identifies "Underwriters at Lloyd's, London" as the insurer.

3. This Complaint originates as the result of a fire that substantially and/or totally damaged or destroyed the structure and personal property located on the Insured Premises.

## FACTS

4. At all times relevant hereto, Plaintiff was a party to an insurance contract whereby Underwriters agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, upon information and belief bearing Policy No. AVAC046891 (the "Policy"). The Policy's term was June 21, 2013 to September 21, 2013. The Policy is incorporated herein by reference as if set forth verbatim.

5. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area.

6. The Policy provided insurance coverage for direct physical loss to the dwelling located on the Insured Premises, as well as coverage for damage to personal property resulting from direct physical losses. The Policy also provided coverage for debris removal and such other insurance coverage as specifically set forth in the Policy.

7. The Declarations page of the Policy reveals that coverage was provided in the face amount of $125,000 for the dwelling located on the Insured Premises.

8. The Policy was an "all-risks" policy, meaning that the Policy covered all risks of accidental direct physical loss except for those specifically excluded by the Policy.

9. Pursuant to the Policy, Plaintiff paid a premium to Underwriters in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

10. On or about September 18, 2013, an accidental fire damaged and or destroyed the dwelling and personal property located on the Insured Premises, resulting in a total loss (the "Loss").

11. Plaintiff promptly reported the Loss to Underwriters.

12. Plaintiff fulfilled all of the duties before and after the Loss that were imposed upon him by the Policy to the satisfaction of Underwriters.

13. As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

14. Despite the fact that Plaintiff has fulfilled all duties imposed upon him by Underwriters and is at no fault in this matter, Underwriters has wrongfully refused to pay Plaintiff's claim for insurance proceeds. Underwriters has delayed payment of Plaintiff's claim solely for the purpose of protecting its own financial interest.

15. Underwriters' failure and refusal to pay Plaintiff the amounts owed to him for the Loss is without justification.

16. Underwriters' failure and refusal to pay the money and benefits due and owing Plaintiff under the Policy has caused Plaintiff to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which he is entitled.

## CAUSES OF ACTION

### Count 1 – Breach of Contract (against Underwriters)

17. The allegations contained in Paragraphs 1-16 of this Complaint are incorporated herein by reference as if set forth verbatim.

3

18. The Policy issued by Underwriters was a binding contract, and is supported by valid consideration.

19. Underwriters is in total material breach of the Policy, and Underwriters is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Underwriters' breach of contract includes the following, without limitation: (a) Underwriters' failure and refusal to pay the amounts owed to Plaintiff for the damage to the dwelling on the Insured Premises caused by the Loss; (b) Underwriters' failure and refusal to pay all amounts owed to Plaintiff for the costs of debris removal associated with the Loss; and (c) Underwriters' failure and refusal to pay such other amounts to Plaintiff as may be required by the Policy.

20. As a result of Underwriters' breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy.

21. Underwriters is liable to Plaintiff for his losses.

22. Underwriters' breach of contract was intentional, fraudulent, malicious, and or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 2013 Tenn. App. LEXIS 712, *47 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Underwriters intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiff's claim for insurance proceeds; (3) unjustly refused and/or failed to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) implied that Plaintiff was guilty of insurance fraud without any credible evidence to support such an allegation; (5) failed to make a prompt decision on Plaintiff's claim, even through the date of the filing of this lawsuit more than a year after the Loss (6) failed to fully inform Plaintiff of his rights and obligations

4

under the Policy; (7) failed and refused to conduct a reasonable investigation based on all available information; (8) failed to acknowledge communications from Plaintiff and failed to act reasonably and promptly upon such communications; (9) engaged in acts and practices toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to Plaintiff; (10) failed to pay all amounts due and owing under the Policy with no reasonable of justifiable basis; and (11) offered substantially less than the amount actually owed in an effort to deprive Plaintiff of his rights under the Policy. Underwriters knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due him under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Underwriters consciously ignored Plaintiff's valid claim and then denied Plaintiff's claim and withheld monies and benefits rightfully due Plaintiff. Plaintiff seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment against Underwriters as follows:

A. For compensatory damages to Plaintiff against Underwriters not to exceed $175,000;

B. For punitive damages against Underwriters not to exceed $1,400,000.00;

C. For all costs incurred by Plaintiff as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

### JURY DEMAND

Plaintiff demands a jury.

5

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT, PLC

*/s/ Clint Scott*

J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, TN 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540

## COST BOND

This firm stands as surety for costs in this cause.

*/s/ Clint Scott*